

*Tagged Opinion*

**ORDERED in the Southern District of Florida on June 28, 2018.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | CASE NO. 16-23969-BKC-LMI |
| DORA AMALIA PASTOR | Chapter 7 |
| Debtor. _____/ | |
| ANGEL SALGADO | ADV. CASE NO. 17-01067-BKC-LMI |
| Plaintiff, vs. | |
| DORA AMALIA PASTOR, | |
| Defendant _____/ | |

**ORDER DENYING COUNT II OF DEFENDANT'S
MOTION FOR FINAL SUMMARY JUDGMENT**

This matter came before me on January 10, 2018, upon the Motion for Final Summary Judgment (the "Motion for Summary Judgment") (ECF #14) filed on April 24, 2017, by Dora Amalia Pastor (the "Defendant"). This Court has reviewed the Motion for Summary Judgment,

the Declarations filed by the Plaintiff, Angel Salgado (the "Plaintiff") as well as other pleadings filed in opposition to the Motion for Summary Judgment, and has considered counsel's arguments.[1] As set forth below, the Motion for Summary Judgment with respect to Count II of the Complaint is DENIED.[2]

## BACKGROUND FACTS

The Defendant filed a chapter 7 bankruptcy case on October 17, 2016 (the "Petition Date"). On November 8, 2016, the Plaintiff filed the above-captioned adversary proceeding (the "Complaint") (ECF #1). In the Complaint, the Plaintiff seeks to except from discharge pursuant to 11 U.S.C. §523(a)(8)(A)(ii) and 11 U.S.C. §523(a)(8)(B) the debt the Defendant allegedly owes to the Plaintiff arising from alleged student loans.

The Complaint alleges that the Defendant, who was a student at St. Matthew's University's School of Veterinary Medicine, Cayman Islands ("St. Matthew's"), began to experience financial difficulties while completing her clinical studies at Purdue University of Veterinary Medicine ("Purdue") in West Lafayette, Indiana. St. Matthew's is a foreign veterinary school. Purdue has a clinical program that is associated with the veterinary program at St. Matthew's. The Defendant participated in Purdue's clinical program in order to be eligible to receive a Veterinary Medical degree from St. Matthew's and thereafter practice veterinary medicine in the United States.

The Complaint alleges that, while experiencing financial difficulties at Purdue, the Defendant reached out to the Plaintiff to borrow money. The Complaint alleges that the

---

[1] On May 5, 2017, the Plaintiff filed a Declaration Under Penalty and Perjury (the "Plaintiff's Declaration") (ECF #24). That same day, Carlos Pastor ("Defendant's Ex-Husband") filed a Declaration Under Penalty and Perjury (the "Ex-Husband's Declaration") (ECF #23). On May 19, 2017, the Plaintiff filed an Opposition Response to the Motion for Summary Judgment (the "Opposition Response") (ECF #35).

[2] This Court previously denied Summary Judgment on Count I of the Complaint. *See* Order Denying Motion For Final Summary Judgment In Part, and Reserving Ruling In Part for Count II (ECF #50).

Defendant borrowed a total of $35,917.00 (the "Loans") from the Plaintiff for tuition, educational expenses, and associated living expenses, which Loans are therefore, not dischargeable.[3]

The Complaint alleges that the Loans were as follows:

a) on June 16, 2014, the Plaintiff lent the Defendant $10,000.00;

b) on July 31, 2014, the Plaintiff lent the Defendant $16,917.00, which the Plaintiff paid directly to St. Matthew's; and

c) on September 25, 2014, the Plaintiff lent the Defendant $9,000.00.

In the Complaint, the Plaintiff alleges that because the Loans were made to assist the Defendant with her tuition, educational expenses, and associated living expenses while attending school, the Loans are "qualified educational loans" as defined in subsection 221(d)(1) of the Internal Revenue Code of 1986 and therefore excepted from discharge under subsection 523(a)(8)(B) of the Bankruptcy Code.

The Defendant argues that she is entitled to summary judgment on Count II of the Complaint because the Loans are not "qualified educational loans" under subsection 523(a)(8)(B) since St. Matthew's does not appear on the Federal School Codes List.[4],[5] In the Opposition Response, the Plaintiff argues that although St. Matthew's is not included in the Federal School Codes List, because Purdue is listed in the Federal School Code List, and because

---

[3] In addition to the Loans, the Plaintiff claims to have lent an additional $1,500.00 to the Defendant to pay for housing when she moved back to Miami.

[4] "The Federal School Codes List catalogues all postsecondary schools that are eligible for federal student aid. In order to receive a federal school code, educational institutions must undergo rigorous vetting by the Department of Education." *Citizens Bank v. Decena,* 562 B.R. 202, 203 (E.D.N.Y. 2016).

[5] On May 04, 2017, the Defendant filed a Notice of Filing of Exhibit A and Exhibit B to Defendant's Motion for Summary Judgment ("Defendant's Notice of Filing") (ECF #22). Exhibit A of the Notice of Filing was a list of the Federal School Codes ("Federal Schools Code List") for 2013-2014 that became effective August 1, 2013, and Exhibit B was the Federal School Codes for 2014-2015 that became effective August 1, 2014.

the Loans were given to the Defendant to complete her clinical studies at Purdue, the Loans are "qualified educational loans".

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(b). This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(J). Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409(a).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the burden of meeting this standard. *Imaging Bus. Machs., LLC v. BancTec, Inc.*, 459 F.3d 1186, 1192 (11th Cir. 2006). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).

## DISCUSSION

Resolution of the portion of the Motion for Summary Judgment subject of this opinion centers entirely on whether, as a matter of law, any loans relating to the Defendant's attendance at

4

St. Matthew's are "qualified educational loans". The resolution of that question lays in a convoluted maze of statutory definitions.

There is no dispute that the Loans were extended during the year that the Defendant was living in Indiana and studying at Purdue. There is also no dispute that St. Matthew's does not appear on the Federal School Codes List. Thus, to determine, at least for summary judgment purposes, whether the Loans could be "qualified educational loans," I must decide whether, for purposes of subsection 523(a)(8)(B), does attending a qualified educational institution through an unqualified educational institution's clinical program satisfy the requirements for a "qualified educational loan"?

Subsection 523(a)(8)(B) excepts from discharge "any other educational loan that is a qualified education loan, as defined in subsection 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual." 26 U.S.C. §221(d)(1) defines "qualified education loan" as any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses, which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. §221(d)(1)(C). The term "eligible student" has the same meaning given to such a term by subsection 25A(b)(3) of title 26. 26 U.S.C. §221(d)(3). To be an eligible student, a student must meet the requirements of §484(a)(1) of the Higher Education Act of 1965. 26 U.S.C. §25A(b)(3)(A). Subsection 484(a)(1) requires that a student must "be enrolled or accepted for enrollment in a degree, certificate, or other program… leading to a recognized educational credential at an institution of higher education that is an eligible institution in accordance with the provisions of section 1094 of [title 20]…." 20 U.S.C. §1901(a)(1). Thus, the phrase "qualified educational loan" requires a loan to be extended for studies at an eligible institution.

5

The term "eligible institution" means any institution described in section 1002 of title 20. 20 U.S.C. §1094(i)(4). Under section 1002, an eligible institution is an "institution of higher education" defined as "… an institution outside the United States that is comparable to an institution of higher education as defined in section 1001 [of title 20]…." 20 U.S.C. §1002(a)(2)(A). Section 1001 states that "…the term 'institution of higher education' means an educational institution in any State that is a public or other nonprofit institution…." 20 U.S.C. §1001(a)(4). 20 U.S.C. §1002 does not define the term "approved veterinary school". However, 34 C.F.R. §600.56, which determines a foreign veterinary school's eligibility to participate in the Direct Loan Program[6] provides in relevant part that a foreign veterinary school that is neither a public nor private-nonprofit school is eligible if its students complete their clinical training at an approved veterinary school located in the United States. 34 C.F.R. §600.56(b)(2)(i). *See In re Rizor*, 553 B.R. 144, 153 (Bankr. D. Alaska 2016).

In *Rizor*, the debtor borrowed $149,197.93 while attending St. George University School of Veterinary Medicine, an unaccredited institution located in Granada. *Rizor*, 553 B.R. at 146. During his final year, the debtor finished his clinical residency program at the University of Florida while remaining enrolled as a full time student at St. George. *Id*. The United States Bankruptcy Court for the District of Alaska held that the loans were qualified educational loans, and therefore non-dischargeable, because the debtor completed his clinical work at an "approved veterinary school," despite the fact that the debtor's loans were exclusively applied to tuition paid to St. George. *Id* at 153.

Similarly, the Defendant attended Purdue in order to complete her veterinary studies, notwithstanding that she was a degree candidate at St. Matthew's. Because, as a matter of law,

---

[6] The Federal Direct Loan Program provides federal student aid to students and parents to help pay for the cost of a student's education to attend an institution of higher education. *See* 34 C.F.R. § 685.200.

6

loans associated with the Defendant's education at Purdue, even though the Defendant was a degree candidate at St. Matthew's, may qualify as "qualified educational loans", Count II of the Motion for Final Summary Judgment is DENIED. The parties will go to trial on all issues of the Complaint.

# # #

Copies furnished to:
Gail Ruiz, Esq.
Maria Larrabure, Esq.

*Attorney Ruiz shall serve a copy of this Order upon all parties in interest and file a Certificate of Service with the Clerk of Court.*